**Opinion issued August 15, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-23-00292-CR

### NO. 01-23-00293-CR

_____

**CHRISTOPHER DIAZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1705819 & 1695693**

---

### MEMORANDUM OPINION

Appellant Christopher Frank Diaz pleaded guilty to the felony offenses of assault of a family member.[1] The trial court found appellant guilty, and, in

---

[1] *See* TEX. PENAL CODE § 22.01.

accordance with the terms of appellant's plea bargain agreement with the State, sentenced appellant to 14 years in jail for each offense, to run concurrently. Appellant filed pro se notices of appeal. We dismiss the appeals.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id*. The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

2

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).